UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 3:18-cr-00074-RLY-CSW |
| ELLIS GOLD, Defendant. | ) | -01 |

**REPORT AND RECOMMENDATION**

On July 6, 2026, the Court held an initial appearance on the *Petition for Warrant for Offender Under Supervision* filed on February 6, 2026. (Docket. No. 46) and on July 14, 2026, the Court held the final hearing. Defendant Ellis Gold appeared in person with his appointed counsel Barry Blackard. The government appeared by Jeremy Kemper, Assistant United States Attorney. U. S. Probation appeared by Officer Brian Deardurff.

The District Court Judge referred this matter to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. (Docket No. 54). The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Ellis Gold of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing and affirmatively stated that he understood the allegations.

2. After being placed under oath, Defendant Ellis Gold admitted violation numbers 1 (positive drug screen for cocaine) and as to violation number 2, Defendant admitted that he was arrested and charged in state court on charges that have since been dismissed. (Docket No. 46).

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| **1** | **"You shall refrain from any unlawful use of a controlled substance."**<br><br>On January 16, 2026, Mr. Ellis Gold tested positive for cocaine. Prior to reporting for this drug screen, Mr. Gold contacted the U.S. Probation Officer and admitted to ingesting cocaine. |
| **2** | **"You shall not commit another federal, state or local crime."**<br><br>Mr. Gold was arrested in Vanderburgh County, Indiana, on January 27, 2026, and charged with Criminal Confinement with bodily injury, felony; Domestic Battery with a prior conviction, felony; Residential Entry, felony; and Battery Resulting in Bodily Injury, misdemeanor, in cause number 82C01-2601-F5-000587. |

4. The parties stipulated that:

(a) The highest grade of violation (for violation 2) is a Grade **A** violation.

(b) Defendant's criminal history category is **VI**.

(c) The range of imprisonment applicable upon revocation of supervised release for a Grade A violation, therefore, would be **31 to 44** months imprisonment. For a Grade B violation, the

range is **21 to 24** months imprisonment. However, statutorily, the range is capped at **24** months.

5. The government requested a sentence of imprisonment of the maximum available of twenty-four (24) months with one (1) year of supervision to follow, including additional conditions. The Defendant requested that he be given no further imprisonment and credit for the approximately six (6) months he has been in state custody since the January 2026 arrest and have one (1) year of supervision to follow, subject to all conditions proposed by government in Dkt. 46, plus the already-existing restriction prohibiting usage of alcohol.

6. The Defendant elected to allocute, in which he explained that the charges brought against him by the state were ultimately dismissed because they were not supported by evidence. The Defendant also explained that he took responsibility for his positive drug screen by calling his probation officer to admit to the cocaine usage and that he has an alcohol abuse problem.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions as alleged in the Petition, that his supervised release term should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with one (1) year of supervision, upon release from imprisonment, under the same conditions as previously imposed with the following additional conditions as defined in the Revocation Parameters Worksheet:

- **11.** You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

- **12.** As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. Justification: This condition will reduce the risk to the community posed by the offense of conviction, as well as the offender's personal history and characteristics.

- **18.** You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report

- **19.** You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment, mental health treatment, and substance abuse testing. The probation officer shall determine your ability to pay and any schedule of payment. Justification: This condition will require the offender to invest in his own rehabilitation.

- **No alcohol usage permitted.**

Defendant does not object to these additional conditions and indicated understanding and assent to the additional conditions.

While the Magistrate Judge's recommendation is not driven by, or significantly weighted by, the probable cause affidavit submitted by the government, the Defendant's criminal history category and associated parameters, as provided in the guidelines, did factor into the appropriate length of the penalty assessment. Regardless of whether Defendant was ultimately tried and found

guilty beyond a reasonable doubt in the state case, Defendant admitted that he was arrested on allegations of domestic violence while on supervised release. Defendant's acceptance of responsibility for the failed drug screen as well as his already having served six (6) months for the now-dismissed state charges are mitigating factors, as is the statutory cap of twenty-four (24) months. The Defendant has professed a desire to make positive changes in his life for his children and grandchildren, including pursuing an employment opportunity – his conditions as well as the additional conditions of mental health treatment support those goals. After he completes his sentence, the probation officer is encouraged to inform the Defendant of substance abuse and mental health treatment options.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties shall have fourteen (14) days to object to this Report and Recommendation.

Date: July 15, 2026

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.